```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
EDUARDO BURKETT, et al.,                                    REPORT AND
                    Plaintiffs,                             RECOMMENDATION
            - against -
HOUSLANGER & ASSOCIATES, PLLC, et al.,                      19-CV-2285 (EK) (JO)
                    Defendants.
-----------------------------------------------------------X
```

James Orenstein, Magistrate Judge:

Plaintiffs Eduardo Burkett ("Burkett"), Guillaume Foss ("Foss"), Virginia Ortiz ("Ortiz"), and Lakesha Kingdom ("Kingdom") each accepted an offer of judgment that included a specific sum in damages and unspecified, reasonable attorneys' fees and costs. They now seek an award of the latter amounts. *See* Docket Entry ("DE") 41; Fed. R. Civ. P. Rule 54(d)(2); Fed. R. Civ. P. 68. Upon the court's referral, I now make this report and, for the reasons that follow, respectfully recommend that the court award the plaintiffs $30,535.72, consisting of $30,045.72 in reasonable attorneys' fees and $490.00 in costs.

I.  Background

Burkett, Foss, and Ortiz initiated this case on April 18, 2019, by filing a Complaint on behalf of a putative class of New York City consumers that accused the defendants – a law firm specializing in debt collection and two of the attorneys it employed – of violations of federal debt collection law and other related violations. *See* DE 1; 15 U.S.C. § 1692 *et seq.* (the Fair Debt Collections Practices Act, or "FDCPA"). Briefly stated, the plaintiffs alleged that the defendants used old (and often unenforceable) judgments, dilatory litigation tactics, misrepresentations, and outright defiance of court orders to extract money from members of the putative class by making it too expensive for them to vindicate their rights through litigation. *See* Complaint ¶¶ 1-10.

Two months later, the defendants made – and all of the original plaintiffs accepted – offers of judgment of $10,000 for each plaintiff plus "reasonable attorneys' fees and costs incurred up

through the date of this offer." *See* DE 20; DE 21; DE 22; Fed. R. Civ. P. 68. The damages component of each offer far exceeded the FDCPA's maximum statutory damages award of $1,000. *See* 15 U.S.C. § 1692k(a)(2)(A). On June 29, 2019 – the same day that they accepted the offers of judgment – the plaintiffs sought leave to file an Amended Complaint that added Kingdom as a new plaintiff making substantially similar claims on behalf of the putative class. *See* DE 23. The court granted the request over the defendants' objection by Order dated September 26, 2019, and the plaintiffs filed the Amended Complaint the same day. *See* DE 26 (opposition to motion); DE 31 (Amended Complaint). The court then entered judgment for Burkett, Foss, and Ortiz. *See* DE 33.

On October 10, 2019, the defendants made an offer of judgment to Kingdom that was similar to the earlier offers ($10,000 plus "reasonable attorneys' fees and costs incurred up through the date of the offer"), Kingdom accepted it on October 24, 2019, and the court then entered judgment on October 28, 2019. *See* DE 37; DE 39. Like her predecessors, Kingdom sought leave to file a new pleading that would add a new named plaintiff and keep the possibility of a class action alive after accepting her own offer of judgment. *See* DE 38; DE 46. However, because the court entered judgment on her claims before resolving that latest motion to amend, the court denied the motion. *See* Order dated Nov. 26, 2019. Accordingly, there are no more pending claims before the court in this action.[1]

On November 7, 2019, all four plaintiffs filed the instant motion for attorneys' fees and costs. *See* DE 41 (notice of motion); DE 42 (supporting memorandum) ("Memo."); DE 43

---

[1] The defendants' effort to pick off all the putative class representatives and thereby end the threat of having to defend a class action, however, was not wholly successful. On the same day that the court denied leave to add new named plaintiffs in this case, the individuals who sought to succeed Kingdom as class representatives in this case filed a separate putative class action that remains pending. *See Jenifer Dupres, et al. v. Houslanger & Associates, et al.*, 19-CV-6691 (RPK) (SJB).

(supporting declaration of counsel, with exhibits) ("Tarantolo Decl."); DE 48 (defendants' response) ("Opp."); DE 49 (reply memorandum) ("Reply"); DE 49-1 (counsel's supplemental reply declaration); DE 50 (defendants' notice of supplemental authority). The court referred the motion to me by Order dated November 12, 2019.

II.     Discussion

   A.     Fees

Having secured judgment on their FDCPA claims, the plaintiffs may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The task of determining the amount of the fee award is committed to the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)). Courts in this circuit assess such fee applications using the "lodestar method," which multiplies a reasonable hourly rate by a reasonable number of hours expended. *See Luciano v. Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997); *King v. JCS Enters., Inc.*, 325 F. Supp. 2d 162, 166 (E.D.N.Y. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1997)). District courts have broad discretion, using "'their experience with the case, as well as their experience with the practice of law, to assess the reasonableness'" of each component of a fee award. *Fox Indus., Inc. v. Gurovich*, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)).

   1.     Hourly Rates

The plaintiffs' counsel, all of whom work for the New York Legal Assistance Group ("NYLAG"), claim the following hourly rates: $450 for Danielle Tarantolo ("Tarantolo"), the Co-Director of NYLAG's Special Litigation Unit; $250 for Jessica Ranucci ("Ranucci"), an associate-

level attorney; and $100 for student law clerk, Diana Li ("Li"). *See* Tarantolo Decl. ¶¶ 5-7, 38-40. As explained below, I respectfully recommend that the court award fees based on lower hourly rates for each.

A reasonable hourly rate is the rate a "reasonable, paying client" would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2007); *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 420 (2d Cir. 2010) (finding that a presumptively reasonable fee represents an approximation of what "a competitive market would bear"); *Manzo v. Sovereign Motor Cars, Ltd.*, 2010 WL 1930237, at *7 (E.D.N.Y. May 11, 2010) (stating that a presumptively reasonable fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively.") (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation marks omitted)). A court seeking to determine the rate a reasonable client would be willing to pay should consider, among others, the twelve so-called *Johnson* factors. *See Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (listing twelve factors to be considered by courts in determining the rate a reasonable client would be willing to pay).[2]

Courts in this district generally award hourly rates "ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals." *Dagostino v.*

---

[2] Those factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* The fact that NYLAG is a nonprofit legal services organization rather than a private law firm does not affect the analysis. *See Arbor Hill*, 522 F.3d at 184 n.2.

*Computer Credit, Inc.*, 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017) (citations omitted); *see also Konits v. Karahalis*, 409 F. App'x 418, 422-23 (2d Cir. 2011) (summarizing prevailing rates in this district). Hourly rates for FDCPA cases, however, regularly fall on the lower end of this range; courts rarely award rates greater than $350 even for the most experienced attorneys. *See Razilova v. Halstead Fin. Servs., LLC*, 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019) (report and recommendation) ("In recent years, decisions in this District have determined reasonable hourly rates in FDCPA cases at approximately $300-$350 for partners."), *adopted* 2019 WL 1364399 (E.D.N.Y. Mar. 26, 2019); *Gonzalez v. Healthcare Recovery Mgmt. Inc.*, 2013 WL 4851709, at *4 (E.D.N.Y. Sept. 10, 2013) ("In FDCPA cases, courts in the Eastern District of New York regularly award experienced attorneys hourly rates ranging from $250 to $350.") (collecting cases); *see also McMahon-Pitts v. Sokoloff*, 2017 WL 1011473, at *3-4 (E.D.N.Y. Mar. 15, 2017) (awarding hourly rates of $170 to a junior associate with two years of experience in consumer law, $200 and $230 to associates with three years and five years of experience in consumer law, respectively, and $90 each to two paralegals in an FDCPA case). Judges in this district generally compensate law clerks at the same rates as paralegal assistants. *See, e.g., Trs. of the 1199 SEIU Health Care Employees Pension Fund v. Traymore Chemists, Inc.*, 2014 WL 4207589, at *12 (E.D.N.Y. June 25, 2014) (report and recommendation), *adopted* 2014 WL 4207592 (E.D.N.Y. Aug. 25, 2014) (citing *Dajbabic v. Rick's Cafe*, 995 F. Supp. 2d 210, 213 (E.D.N.Y. 2014) (reducing the hourly rate for a law clerk working before admission to the bar from $100 to $75)).

I acknowledge that the decisions in this district are not uniform on the matter: as the plaintiffs correctly observe, over a decade ago Judge Cogan approved an hourly rate of $450 for counsel in an action under the FDCPA that, as this one, was resolved by offer of judgment. *See* Memo. at 7, 12 (citing *Rodriguez v. Pressler & Pressler LLP.*, 2009 WL 689056 (E.D.N.Y. Mar. 16,

5

2009)). Faced with differing decisions by the judges of this court, I base my recommendation on the prevailing practice and note that the rate approved in *Rodriguez* has proved to be an outlier.

Similarly, I conclude that the plaintiffs improvidently rely on decisions that awarded fees based on higher hourly rates to attorneys in FDCPA cases resolved on a class basis. *See* Memo. at 13 (citing cases); *cf. Tito v. Rubin & Rothman LLC*, 2014 WL 1092845, at *3 (E.D.N.Y. Mar. 18, 2014) (reducing, nevertheless, lead counsel's hourly rates from $550 to $400, a senior associates' rate from $300 to $200 and a law student intern's hourly rate from $100 to $80 following a class action settlement in an FDCPA case). This case has not been resolved on a class basis, and the plaintiffs' attorneys are continuing to litigate the same unresolved class claims in another lawsuit in this court. Finally, to the extent the plaintiffs rely on cases from other jurisdictions to justify the higher rates they seek here, *see* Memo. at 18 (citing *Sanders v. Houslanger & Assocs., PLLC*, 2018 WL 6444921 (S.D.N.Y. Sept. 6, 2018)), they run afoul of long-established controlling authority. *See Luciano,* 109 F.3d at 115 (citing *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F. 2d 23, 25 (2d Cir. 1983)).

While the plaintiffs' attorneys have impressive credentials that might well support an award based on higher hourly rates in other contexts, *see* Tarantolo Decl. ¶ 40; Reply at 8-9, there is no dispute that the claims in this case are not particularly novel. *See* Memo. at 17 & n.6; Opp. at 6-7. Given the relatively routine nature of this FDCPA litigation, I conclude that even if the plaintiffs' attorneys could easily command higher rates to litigate more complex matters, a paying client seeking to litigate this case efficiently would not be willing to pay the rates the plaintiffs' counsel claim. I therefore respectfully recommend that the court award fees based on the following hourly rates: $350 for Tarantolo, $200 for Ranucci, and $80 for Li. *See Rudler v. Houslanger & Assocs.*, 2020 WL 473619, at *6 (E.D.N.Y. Jan. 29, 2020); *Dagostino*, 238 F. Supp. 3d at 412.

2. <u>Compensable Hours</u>

A fee applicant bears the burden of demonstrating the hours expended and the nature of the work performed through contemporaneous time records that describe with specificity the nature of the work done, the hours expended, and the dates. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The absence of contemporaneous records precludes any fee award in all but the most extraordinary of circumstances. *See Scott v. City of N.Y.*, 626 F.3d 130, 133-34 (2d Cir. 2010). Inadequate documentation is grounds for reduction of a fee award. *Hensley*, 461 U.S. at 433; *Levy v. Powell*, 2005 WL 1719972, at *6 (E.D.N.Y. July 22, 2005).

The plaintiffs seek reimbursement for a total of 149.63 hours of work, including 48.45 hours by Tarantolo, 85.8 by Ranucci, and 15.38 by Li, as set forth in counsel's detailed contemporaneous billing records. *See* Tarantolo Decl. ¶ 38; DE 43-1. The defendants object that the claimed hours are excessive on two grounds. *See* Opp. at 9-21. As explained below, I disagree with one of those objections but agree to some extent with the other.

I disagree with the defendants' contention that the court should decline to award fees for the time the plaintiffs' counsel spent researching how to continue the action after Burkett, Foss, and Ortiz accepted their offers of judgment. *See* Opp. at 17-21; *Rudler*, 2020 WL 473619, at *11 (E.D.N.Y. Jan. 29, 2020) ("[W]hen a settlement cuts off a plaintiff's entitlement to attorney's fees on a specific date, a district court may not award a party attorney's fees for work incurred after that cut-off date.") (citing *Lilly v. City of New York*, 934 F.3d 222, 237 (2d Cir. 2019)). While such work may not have benefited the three original plaintiffs after they accepted the offers of judgment, it did benefit plaintiff Kingdom and the putative class that all four plaintiffs sought to represent. Excluding that work would unduly reward the defendants for using offers of judgment to frustrate

the remedial goals of both Federal Rule of Civil Procedure 23 and the FDCPA. *Cf. Vega v. Credit Bureau Enterprises*, 2003 WL 21544258, at *1-2 (E.D.N.Y. July 9, 2003).

However, I agree with the defendants that the plaintiffs seek reimbursement for an excessive number of hours of attorney work time. The plaintiffs' counsel billed 78.5 hours – more than half of the claimed total – for drafting, revising, discussing, and filing the original Complaint. The total is manifestly excessive, particularly in light of the fact that the plaintiffs' counsel had the pleadings in prior litigation to use as a template. The billing records amply illustrate the inefficiency in drafting the Complaint that the defendants should not have to subsidize. In the summer of 2018, Ranucci spent over four hours reviewing an intern's draft pleading and an opinion from a similar case against the law firm defendant. However, she did not begin her own work in drafting the Complaint until October 2018. Over the next several months, she billed some twenty hours for meeting about and drafting the pleading. After that, in early April 2019, Tarantolo spent over ten hours reviewing, drafting, and revising the Complaint. Even after all that work, the plaintiffs' counsel later billed 36.75 hours over the course of a week in mid-April 2019 to complete their work on the pleading. Such inefficiency warrants a reduction of compensable hours *See Rodriguez v. Pressler & Pressler LLP*, 2008 WL 5731854, at *8 (E.D.N.Y. Sept. 11, 2008) (report and recommendation), *adopted in pertinent part*, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009) (finding 49.5 hours billed for drafting the original and amended pleadings excessive).

In addition to the inefficiency that needlessly lengthened the hours counsel spent on the litigation, the billing records include a level of imprecision that makes it difficult to assess the reasonableness of the time claimed. For example, some entries refer to meetings or calls with "two class members/potential plaintiffs" or "other potential NPs" without further elaboration. Such vagueness is an independent reason to reduce the claimed hours. *See Anderson v. Cnty. of Suffolk*, 2016

WL 1444594, at *6-7 (E.D.N.Y. Apr. 11, 2016); *Caban v. Employee Sec. Fund of the Elec. Prod. Indus. Pension Plan*, 2015 WL 7454601, at *8 (E.D.N.Y. Nov. 23, 2015).

Likewise, Tarantolo – the most experienced attorney on the team, with the highest hourly rate – needlessly billed for tasks that a less experienced colleague could have handled more efficiently, such as overseeing the service of process. While such collegiality is laudable, the defendants should not have to subsidize it. I therefore conclude it warrants a reduction in the compensable hours. *See*, *e.g.*, *Cabrera v. Schafer*, 2017 WL 9512409, at *12-13 (E.D.N.Y. Feb. 17, 2017).

Finally, I take at face value the plaintiffs' assertion that the number of attorney work hours for which they seek reimbursement represents a self-imposed "billing judgment" discount. *See* Memo. at 9-10; Tarantolo Decl. ¶¶ 44-52. While I commend that self-discipline, it does not obviate the need for the court to exercise its own judgment about the reasonableness of the hours they claim. As explained above, I conclude that even after the plaintiffs' counsel exercised their judgment, they nevertheless billed for an excessive amount of time.

One acceptable method for "trimming the fat" from a fee application, and one that consumes fewer judicial resources than a painstaking review of each time-entry, is for the court to impose an "across-the-board percentage" cut of the total amount of time claimed. *See In re "Agent Orange" Prods. Liab. Litig.*, 818 F. 2d 226, 237-38 (2d Cir. 1987). Based on the concerns noted above, I respectfully recommend that the court reduce the claimed hours by fifteen percent and award a total of $30,045.72 in reasonable attorneys' fees, as summarized in the following table.

9

| Professional | Hourly Rate | | Hours | | Adjusted Fee |
|---|---|---|---|---|---|
| | Requested | Adjusted | Requested | Adjusted | |
| Tarantolo | $450 | $350 | 48.45 | 41.18 | $14,413.88 |
| Ranucci | $250 | $200 | 85.8 | 72.93 | $14,586.00 |
| Li | $100 | $80 | 15.38 | 13.07 | $1,045.84 |
| Total | | | 149.63 | 127.19 | $30,045.72 |

B. Costs

The plaintiffs seek reimbursement of $490 in costs, including the $400 filing fee and $90 for service of process. *See* Tarantolo Decl. ¶ 53. The record supports that request and the defendants do not object to it. I therefore respectfully recommend an award of $490 in costs.

III. Recommendation

For the reasons set forth above, I respectfully recommend that the court award the plaintiffs $30,535.72, consisting of $30,045.72 in reasonable attorneys' fees and $490.00 in costs.

IV. Objections

Any objections to this Report and Recommendation are due by August 6, 2020. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010).

SO ORDERED.

Dated: Brooklyn, New York
July 23, 2020

                                                 /s/
                                     James Orenstein
                                     U.S. Magistrate Judge