```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

  EDUARDO BURKETT, et al.,
                                              ORDER
                   Plaintiffs,           19-cv-2285(EK)(JO)

        -against-

  HOUSLANGER & ASSOCIATES, PLLC, et al.,

                   Defendants.

---------------------------------------x
```

ERIC R. KOMITEE, United States District Judge:

       Before the Court is Judge Orenstein's comprehensive Report and Recommendation (R&R) on Plaintiffs' motion for attorney fees.  For the reasons set forth below, the R&R is adopted in part and modified in part.

## I. Background

       Plaintiffs Eduardo Burkett, Guillaume Foss, and Virginia Ortiz commenced this action in 2019, individually and on behalf of a putative class.  They brought claims against Defendants — a law firm specializing in debt collection and two of the law firm's attorneys — under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA), New York General Business Law § 349, and New York Judiciary Law § 487.  On June 29, 2019, Defendants entered offers of judgment pursuant

1

to Rule 68 of $10,000 for each Plaintiff,[1] plus "reasonable attorneys' fees and costs incurred up through the date of this offer." ECF Nos. 20-22; Fed. R. Civ. P. 68. Each Plaintiff accepted their offer. The same day the offers were filed, Plaintiffs sought leave to file an Amended Complaint adding Lakesha Kingdom as a new Plaintiff. ECF No. 23. Judge DeArcy Hall granted Plaintiffs leave to amend over Defendants' objection, and judgment was entered in favor of Plaintiffs Burkett, Foss and Ortiz on October 10, 2019. ECF No. 33.

Defendants made another offer of judgment to Plaintiff Kingdom, again for $10,000 plus "reasonable attorneys' fees and costs incurred up through the date of the offer." ECF No. 37. Kingdom accepted, *id.*, and judgment was entered on October 28, 2019. ECF No. 39. As before, Plaintiff sought leave to amend the complaint to add a new named plaintiff and maintain the possibility of pursuing a class action, ECF No. 38; but because judgment had already been entered as to the last named plaintiff at that point, the request to amend was denied. *See* Order dated November 26, 2019.[2]

---

[1] The statutory damages available under the FDCPA are capped at $1,000. *See* 15 U.S.C. § 1692(k)(a)(2)(A); *see also* Plaintiffs' Memorandum of Law in Support of Motion for Attorneys' Fees at 6, ECF No. 42 (Pl. Br.).

[2] After the request to amend the complaint was denied, Plaintiff's counsel filed a similar complaint on behalf of four new named Plaintiffs and a putative class, indicating that the new case was related to this one. *See*

2

Plaintiffs Burkett, Foss, Ortiz, and Kingdom filed a motion for attorneys' fees and costs on November 7, 2019. ECF No. 41. They sought $45,280 plus such other relief as the court deemed proper. *Id.*[3] In his Report and Recommendation dated July 23, 2020, Judge Orenstein recommended that the Court make certain reductions in the attorneys' hourly rates and compensable time, resulting in a total award of $30,535.72. *See* R&R at 10, ECF No. 51. No objections to the R&R were filed.

## II. Legal Standards

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The Court may adopt those portions of the recommended ruling to which no objections have been made, provided no clear error appears from the face of the record. *Bassett v. Elec. Arts, Inc.*, 93 F. Supp. 3d 95, 100 (E.D.N.Y. 2015) (citing, *inter alia*, 28 U.S.C. § 636(b)(1)(C))). While the Court is not required to review findings *de novo* when no objections are filed, 28 U.S.C. § 636 "does not preclude further review by the district judge, *sua sponte* or at the

---

*Dupres et al. Houslanger & Associates, PLLC et al*, 19-CV-6691. That case remains pending.

[3] This case was transferred to the undersigned on March 2, 2020.

3

request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III. Discussion

The R&R persuasively demonstrates that the requested fees in this case are significantly inflated — between the hourly rates charged and compensable hours worked — when accounting for standard practices in FDCPA litigation and the complexity of this action. Under the FDCPA, plaintiffs may recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692(k)(a)(3). The task of determining the amount of the fee award is committed to the district court's discretion, as Judge Orenstein noted. *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989)). Judges should "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." *Fox Indus., Inc. v. Gurovich*, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992)). In determining appropriate attorneys' fees, courts in this circuit apply the "lodestar" method, which multiples a reasonable hourly rate and a reasonable number of hours expended

4

on the case.  *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

    A.   <u>Hourly Rates</u>

A reasonable hourly rate is the rate that "a reasonable, paying client would be willing to pay."  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008).  To make this determination, the Second Circuit has instructed district courts to consider, among other things, twelve factors set forth in *Johnson v. Ga Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87, 92–93 (1989).[4]  *See Arbor Hill*, 522 F.3d at 190.

Plaintiffs' counsel, all of whom work for the New York Legal Assistance Group (NYLAG), claim the following hourly rates:  $450 for Danielle Tarantolo, a partner-level attorney and the Co-Director of NYLAG's Special Litigation Unit; $250 for Jessica Ranucci, an associate-level attorney; and $100 for Diana

---

[4] The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.

5

Li, a student law clerk. *See* R&R at 3-4; Declaration in Support of Motion for Attorneys' Fees by Danielle Tarantolo ¶¶ 5-7, 38-40, ECF. No. 43 (Tarantolo Decl.). Judge Orenstein, though, recommended that the Court apply lower rates for each timekeeper, in part to better align with the fees that courts in this district typically apply in FDCPA cases. *See* R&R at 5 (observing that the hourly rates for FDCPA cases "regularly fall on the lower end" of the fee range typically applied in this district); *see also Razilova v. Halstead Fin. Servs. LLC*, No. 18-CV-1668, 2019 WL 1370695, at *7 (E.D.N.Y. Mar. 1, 2019), *report and recommendation adopted*, No. 18-CV-1668, 2019 WL 1364399 (E.D.N.Y. Mar. 26, 2019) (in FDCPA cases, "decisions in this District have determined reasonable hourly rates in FDCPA cases at approximately $300-$350 for partners"). He also concluded that lower hourly rates are appropriate because (1) the legal issues in this case were not particularly novel; (2) this case was resolved on an individual, rather than a class, basis; and (3) the Plaintiffs' attorneys are continuing to litigate the same unresolved class claims in another lawsuit in this district. *See* R&R at 5-6. While the attorneys "could easily command higher rates to litigate more complex matters," *id.* at 6, Judge Orenstein concluded that a paying client seeking to litigate *this* case efficiently would not be willing to pay

6

the rates the Plaintiffs' counsel claimed, given the relatively routine nature of the claims. *Id.*

The R&R recommends the following hourly rates: $350 for Tarantolo, $200 for Ranucci, and $80 for Li. *Id.* at 6 (citing *Rudler v. Houslanger & Assocs.*, 2020 WL 473619, at *6 (E.D.N.Y. Jan. 29, 2020); *Dagostino v. Computer Credit, Inc.*, 238 F. Supp. 3d 404, 412 (E.D.N.Y. 2017)). Finding no clear error in Judge Orenstein's recommendation, I adopt the R&R's findings and recommendation regarding reasonable hourly rates for each timekeeper.

B. Compensable Hours

An applicant seeking attorneys' fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable. *Custodio v. Am. Chain Link & Const., Inc.*, No. 06-CV-7148, 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing *Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers,* 34 F.3d 1148, 1160 (2d Cir.1994)). Hours that are "excessive, redundant, or otherwise unnecessary" are to be excluded, and the court has discretion to deduct a reasonable percentage of the number of hours claimed "as a practical means of trimming fat from a fee application." *Rudler*, 2020 WL 473619, at *7 (cleaned up).

Plaintiffs' counsel seeks reimbursement for a total of 149.63 hours of work, including 48.45 hours by Tarantolo, 85.8

7

by Ranucci, and 15.38 by Li, as set forth in their billing records.  Pl. Br. at 7; Tarantolo Decl. Ex A.  Counsel billed time for developing the factual and legal bases of Plaintiffs' claims, interviewing similarly situated individuals harmed by Defendants' conduct, and litigating Plaintiffs' claims and motions to amend the complaint.  Pl. Br. at 8-9.  Counsel states that they took discretionary steps to reduce the bill by categorically reducing the hours charged for certain types of work performed and excluding time spent by attorneys other than the three timekeepers named above.  *Id.* at 10.

Defendants object to the compensable hours claimed on two grounds.  First, they argue that Plaintiffs' counsel sought reimbursement for an excessive number of hours of attorney work time, particularly with respect to time spent drafting, revising, discussing, and filing the original complaint.  Defendant's Memorandum of Law in Opposition to Motion for Attorneys' Fees at 10, ECF No. 48 (Def. Br.).  Plaintiffs billed 78.5 hours for these activities.  *Id.* at 11.  Second, they argue that the Court should decline to award fees for the time Plaintiffs' counsel spent researching how to continue the action after the original three Plaintiffs, Burkett, Foss, and Ortiz, accepted their offers of judgment.  *Id.* at 17.  They argue that this legal work was performed for non-parties and thus is not recoverable in connection with the Plaintiff's judgments.  *Id.*

8

I agree with Judge Orenstein's observation that the timesheets show inefficiencies and what the R&R terms a "manifestly excessive" number of hours billed for work on the complaint.  R&R at 8.  Counsel billed nearly 80 hours — over half of the total for this entire litigation — on a complaint that should have taken significantly less time to complete, especially when considering counsel's experience and the relatively straightforward issues here.  *Id.*  In another FDCPA case in this district, the court found 49.5 hours to be an excessive amount of time drafting and amending a complaint, and reduced the total to 15 hours.  *See Rodriguez v. Pressler & Pressler, L.L.P.*, No. 06-CV-5103, 2008 WL 5731854, at *6 (E.D.N.Y. Sept. 11, 2008), *report and recommendation adopted in pertinent part*, No. 06-CV-5103, 2009 WL 689056 (E.D.N.Y. Mar. 16, 2009).  Applying a substantially *smaller* reduction here, I find that the 78.5 hours billed for the complaint should be reduced to 40 hours (a difference of 38.5 hours).  Reducing the *total* number of hours billed (149.63) by 38.5 implies an overall reduction of more than 25%.  On this basis, I find that 25% is a more appropriate across-the-board reduction than 15%.  I apply no reduction to any other time that the Plaintiffs' attorneys spent on this case.[5]

---

Judge Orenstein's R&R also notes other billing issues, including vague and imprecise time entries, R&R at 8, and instances in which more senior attorneys needlessly billed for tasks that could have been handled more efficiently by less experienced colleagues, *id.* at 9. He notes that these are separate grounds on which the Court could reduce the compensable hours. *Id.* I find, however, that the 25% reduction in total compensable hours described above, in combination with the reduction in hourly rates, will result in a reasonable attorneys' fee award in this case.

Based on the hourly rates and compensable hours detailed above, the presumptively reasonable fee award in this case is $26,512.20, as summarized in the table below:

| Professional | Hourly Rate | | Hours | | Adjusted Fee |
| --- | --- | --- | --- | --- | --- |
| | Requested | Adjusted | Requested | Adjusted | |
| Tarantolo | $450 | $350 | 48.45 | 36.34 | $12,719.00 |
| Ranucci | $250 | $200 | 85.8 | 64.35 | $12,870.00 |
| Li | $100 | $80 | 15.38 | 11.54 | $923.20 |
| Total | | | 149.63 | 112.23 | $26,512.20 |

---

[5] Defendants also ask the Court to eliminate the time Plaintiffs' counsel spent "researching how to continue the action" after Plaintiffs Burkett, Foss, and Ortiz accepted their offers of judgment. Def. Br. at 17. Whether Plaintiffs are truly entitled to attorneys' fees for that work is at least questionable, given that at least some of that research was for the benefit of future, unnamed plaintiffs who are not part of this settlement. Nevertheless, I do not disturb Judge Orenstein's conclusion that this time *should* be reimbursed. A reduction of the permissible hours on this ground would be duplicative of Judge Orenstein's decision to reduce the Plaintiffs' attorneys' hourly rate, given that he did so in part because Plaintiffs' "attorneys are continuing to litigate the same unresolved class claims in another lawsuit in this court." *See* R&R at 6.

C. Costs

Finally, Plaintiffs seek reimbursement of $490 in costs, including the $400 filing fee and $90 for service of process. Tarantolo Decl. ¶ 53; R&R at 10. I adopt Judge Orenstein's recommendation that the Court award $490 in costs.

### IV. Conclusion

For the reasons set forth above, the R&R is adopted in part and modified in part. The Court awards Plaintiffs $26,512.20 in attorneys' fees and $490 in other costs, for a total award of $27,002.20.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: September 30, 2020
Brooklyn, New York